

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 3 0 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JUAN GONZALEZ AND DIANE | § | |
| GONZALEZ, INDIVIDUALLY AND | § | |
| AS NEXT FRIENDS OF | § | |
| SAMANTHA GONZALEZ | § | |
| AND MONICA GONZALEZ, MINOR | § | |
| CHILDREN, AND LAURA GONZALEZ | § | NO. 5-03CV0124-C |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| MINSA CORPORATION, | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE SAM R. CUMMINGS, UNITED STATES DISTRICT JUDGE PRESIDING:

COME NOW JUAN GONZALEZ and DIANE GONZALEZ, Individually and as Next Friends of SAMANTHA GONZALEZ, and MONICA GONZALEZ, Minor Children, and LAURA GONZALEZ, hereinafter referred to as Plaintiffs, complaining of MINSA CORPORATION, hereinafter referred to as Defendant, and for such cause of action would respectfully show the Court as follows:

### I. JURISDICTION AND VENUE

1.    This action is brought in federal court founded on complete diversity of the parties pursuant to 28 U.S.C. § 1332(A)(2).

2.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3    Venue is proper in this district and division where all the defendants reside and where the events complained of occurred. 28 U.S.C. § 1391(A)(2)

*Plaintiffs' Original Complaint and Jury Demand    Page 1*

## II. PARTIES

1.      Plaintiffs, JUAN GONZALEZ and DIANE GONZALEZ, Individually and as Next Friends of

SAMANTHA GONZALEZ, and MONICA GONZALEZ, Minor Children, and LAURA GONZALEZ

are individuals who reside at 615 E. 4th, Muleshoe, Bailey County, Texas 79342.

2.      Defendant, MINSA CORPORATION, is an Iowa corporation, with its principal place of business

in Red Oak, Iowa, doing business in Texas, and may be served with process of citation through its

registered agent, TERESA SHUMAN, at 1 1/4 East Highway 84, Muleshoe, Bailey County, Texas 79347.

## III. FACTUAL NARRATIVE

1.      On or about December 2, 2001, Plaintiff, Juan Gonzalez, was acting in the scope of his

employment for Defendant, cleaning Defendant's stone grinders that grind corn into grain. Defendant's

stone grinders are lined up single file directly over a conveyor belt, which is bordered by flimsy shields.

Corn is fed into the tops of Defendant's stone grinders, ground into grain, and dropped onto the conveyor

belt below.  Periodically, Defendant's stone grinders need to be cleaned.

2.      To clean Defendant's stone grinders, Plaintiff, Juan Gonzalez, must employ the use of a high-

pressured water wand and position himself in, out, over, and around the grinders.  Cleaning the stone

grinders is difficult because there are neither stairs, handrails nor stands with which to properly position

oneself with the water wand.  Thus, Plaintiff was required to balance himself on the flimsy shields that

border the conveyor belt and spray Defendant's stone grinders.

3.      On December 2, 2002, while Plaintiff Juan Gonzalez was cleaning Defendant's stone grinders and

balancing on the flimsy shields bordering the conveyor belt, he fell.  As a result, Plaintiff suffered severe

injuries and damages.

*Plaintiffs' Original Complaint and Jury Demand     Page 2*

## IV. CAUSES OF ACTION AGAINST DEFENDANT

**A.     Negligence**

1.      Plaintiffs incorporate by reference paragraphs I - III, above.

2.      Defendant, MINSA CORPORATION, at the time and place in question was eligible to provide Workers Compensation Coverage to its employees and failed to do so. Consequently, said Defendant relinquished the defenses enumerated in Section 3.02 of the Texas Workers Compensation Act.

3.      On the occasion in question, Defendant operated their business in a negligent manner because Defendant violated the duty which it owed to its employee, Juan Gonzalez, to exercise ordinary care in the operation of said business premises and by failing to provide a safe working environment and safe equipment;

4.      Defendant was further negligent in failing to assure that the method for cleaning the stone grinders was safe;

5.      Defendant was further negligent in failing to provide stairs, handrails and/or stands for the safe cleaning of the stone grinders; and

6.      Defendant was negligent in failing to adequately train and/or supervise its employees during the process of cleaning the stone grinders.

7.      Plaintiff contends that the conduct of Defendant constitutes negligence and that Defendant's negligence was the sole and proximate cause of Plaintiff's injuries and damages.

**B.     Malice**

1.      Plaintiffs incorporate by reference paragraphs I - IV A, above.

2.      When viewed objectively from the standpoint of Defendant, at the time of the occurrence, the

*Plaintiffs' Original Complaint and Jury Demand     Page 3*

Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendant, was actually subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, which constitutes malice as that term is defined pursuant to Section 41.001(7)(B) of the Texas Civil Practice and Remedies Code. Therefore, Plaintiff seeks exemplary damages in an amount determined by the trier of fact.

## V. DAMAGES FOR PERSONAL INJURY

1.      Plaintiffs incorporate by reference paragraphs I - IV B, above.

2.      As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered damages and personal injuries and, as provided by Texas law, is entitled to recover for those damages. Plaintiffs have suffered damages as follows:

**JUAN GONZALEZ:**

a.      Physical pain and mental anguish sustained in the past;

b.      Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

c.      Loss of wages sustained in the past;

d.      Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

e.      Physical impairment sustained in the past;

f.      Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

g.      Medical care in the past; and

h.      Medical care that, in reasonable probability, Plaintiff will sustain in the future.

*Plaintiffs' Original Complaint and Jury Demand     Page 4*

**DIANE GONZALEZ**:

a.    Loss of household services sustained in the past;

b.    Loss of household services which in reasonable probability will be sustained in the future;

c.    Loss of consortium in the past; and

d.    Loss of consortium which in reasonable probability will be sustained in the future.

**SAMANTHA AND MONICA GONZALEZ:**

a.    Loss of consortium in the past; and

b.    Loss of consortium which in reasonable probability will be sustained in the future.

**LAURA GONZALEZ:**

a.    Loss of consortium in the past; and

b.    Loss of consortium which in reasonable probability will be sustained in the future.

WHEREFORE, Plaintiffs respectfully request the Defendant be cited to appear and answer and that upon final trial by jury Plaintiffs recover against the Defendant:

1.    Compensatory damages as set forth above;

2.    Exemplary damages as set forth above;

3.    Pre-judgment and post-judgment interest;

4.    Costs of court; and

5.    Such other, further and different relief to which Plaintiffs may show themselves justly entitled.

6.    Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

FERNANDO M. BUSTOS
State Bar No. 24001819
McCLESKEY, HARRIGER, BRAZILL
     & GRAF, L.L.P.
P.O. Box 6170
Lubbock, Texas 79493-6170
(806) 780-3976
Fax:  (806) 796-7365

ATTORNEYS FOR PLAINTIFFS